[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
The court cannot find probable cause to permit a prejudgment remedy against the defendant J.L. Suski. Hereafter Walter B. Suski, III will be referred to as the defendant.
Plaintiff brings this action for embezzlement, negligence, breach of fiduciary duties and under our Connecticut Unfair Trade Practices Act (CUTPA), in regard to the losses in a restaurant business in which both plaintiff and defendant were owners.
The court finds that defendants' position was a fiduciary one from at least April 7, 1998 until the end of 1999.
It is clear that defendant never paid his share of the capital contributions in the amount of $12,500.
Check #13913 was drawn on plaintiff's checking account and the signature affixed is Mark Raymond, President. Mark Raymond did not sign that check. It was payable, in printing, to "Dr. Larry Mancini." In handwriting the words "or cash" were added after the typed name. The defendant endorsed it on the back and received the amount of $1,770 for it.
Check #10515 is made payable to defendant for $3,300 for "repayment of any excess buildout costs." There is no evidence of such excess.
Check #1528 is for $1,928.43 made payable to "cash" and was signed by defendant and deposited in his account. There is no record of any reason for that payment to defendant.
Check #1155 was an unauthorized payment to defendant of $388.53.
Check #1343 is payable to cash for $500 received by defendant. The court has found no evidence that defendant was entitled to that sum.
As a result of defendant's inadequate accounting the plaintiff incurred $9,944.56 in bank charges for the issuance of checks drawn on insufficient funds. Also as a result of defendants' poor accounting the plaintiff incurred Internal Revenue Service charges of $30,255 for late CT Page 3075 payment of payroll taxes and $4,283.85 due the State of Connecticut for late payment of sales taxes.
The court has insufficient evidence in regard to any lost profits.
Check #10449 for $271.13 is payable to defendants but unauthorized and the same is true of check #10580 for the sum of $4,100.73; checks #10553 for $271.13; #10829 for $271.13; #10513 for $3,000.00; #10514 for $3,000.00; #11252 for $271.13.
He also failed to account for $25,000.00 taken out of plaintiff's account on June 5, 1998 from a total deposit that day of $37,500.00.
Check #13893 which has the forged signature of Mark Raymond on front and the typed name of the payee has had added the words "as cash" in handwriting. Defendant got the amount of the check for $1,928.43.
Check #13713 is a forged check payable to "cash" for $1,250.00 and defendant received that money. The same is true of check #13785. Both are dated the same day.
The court finds probable cause that plaintiff will prevail in this action, at least to the amount of $80,073.05.
A prejudgment remedy may enter for $90,000.00.
Norris L. O'Neill, J.